[No. 5237.   Decided April 17, 1905.]

A. M. AUSTIN, *Respondent*, v. ELK MERCANTILE
COMPANY, *Appellant*.[1]

SALES—TO CORPORATION—EVIDENCE OF—SUFFICIENCY. A corporation is liable for goods sold to it at its special instance and request, where its manager had authority to purchase supplies, and frequently did so, and ordered the goods over the telephone for the company, and on their receipt diverted the same to his own use, and where, on presentation of the account, an authorized officer of the company acknowledged the account and promised payment.

Appeal from a judgment of the superior court for Spokane county, Belt, J., entered February 1, 1904, upon findings in favor of the plaintiff, after a trial before the court without a jury, in an action for goods sold and delivered. Affirmed.

*Robertson, Miller & Rosenhaupt,* for appellant.

*Poindexter & Kimball,* for respondent.

PER CURIAM.—This action was brought to recover for goods alleged to have been sold and delivered by plaintiff to defendant. The goods were ordered over the telephone by the manager of the defendant corporation, and were shipped to the defendant at its place of business. The said manager caused the goods to be further shipped by way of a railway spur to a camp in which he was individually interested, but in which the defendant had no interest. The goods were used at said camp, and the defendant used no part of them. The defendant denied its liability, but the court, after a trial without a jury, found for the plaintiff, and gave judgment for the amount of his demand. The defendant has appealed.

[1]Reported in 80 Pac. 525.

The only material question involved in the appeal is the sufficiency of the evidence to sustain the findings. It was found that the goods were sold and shipped to the appellant, at the special instance and request of its manager, who had authority on behalf of appellant to purchase such supplies, and who had frequently purchased similar goods for appellant from respondent; also, that, after the receipt of the goods by said manager on behalf of appellant, he converted the same to other uses than those of the appellant. It was also found that, after respondent had presented the account to appellant and demanded payment, the appellant, by its vice-president, who had authority to settle its demands, acknowledged the account and promised to pay it, but that payment has not been made. We think the evidence sustains the findings, and the conclusion that appellant is liable follows from the facts found.

The judgment is affirmed.